*3000 610*

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION    11 JAN 24 PM 2: 53

GABRIEL DEL REAL TORRES, )
      Plaintiff, )
                         )
v.                      )
                         )
                         )
BREMEN CASTINGS, INC., )
an Indiana Corporation, )
      Defendant. )

3:11CV 035 L

CASE NUMBER _____

COMPLAINT FOR THE VIOLATION OF THE
AMERICANS WITH DISABILITIES ACT AND
FOR EMPLOYMENT DISCRIMINATION UPON
THE PROHIBITED BASIS OF NATIONAL ORIGIN

The Plaintiff Gabriel Del Real Torres (hereinafter referred to as "Del Real"), for his causes of action against the Defendant herein, Bremen Castings, Inc., an Indiana corporation (hereinafter referred to as "BCI"), the said Plaintiff alleges and states his claims for relief as follows:

### JURISDICTIONAL GROUNDS

1. Del Real is a resident of Marshall County, Indiana, and at all times relevant to these proceedings he has resided in Marshall County, Indiana, at the mailing address of 1535 North Michigan Street, Lot 245, Plymouth, Indiana 46563. Del Real is a Hispanic male, and is presently 47 years of age. At the times relevant to these proceedings, Del Real was a full-time employee of BCI, and as a consequence of his said employment, Del Real was entitled to the rights as afforded to him under the "Americans with Disabilities Act of 1990" (hereinafter referred to as the "ADA"), and to the rights as afforded to him under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. Section 2000e et seq (hereinafter referred to as the "Civil Rights Act").

2. The Defendant, Bremen Castings, Inc., is an Indiana for-profit corporation and is registered with the Indiana Secretary of State, Corporations Division, having a stated business entity address of 500 North Baltimore Street, P.O. Box 129, Bremen, Indiana 46506.

The said Defendant (referred to hereinafter as "BCI") has a manufacturing plant which is located in Marshall County, Indiana at the aforementioned street address of 500 North Baltimore Street, Bremen, Indiana 46506. For the purposes of these causes of action, the relevant acts of BCI, as well as the relevant acts of the BCI officers, managers, supervisors, employees, and / or agents, occurred in Marshall County, Indiana, at the aforementioned manufacturing plant which is located at 500 North Baltimore Street, Bremen, Indiana 46506, where Del Real was employed through and including the date of February 18, 2010.

3. BCI is an "employer" as that term is defined by the ADA and as that term is additionally defined by the Civil Rights Act of 1964.

4. Del Real has the statutory right to bring these proceedings in this Federal District Court under ADA provisions and under provisions of the Civil Rights Act of 1964

5. Del Real is bringing these proceedings within the time limits identified in a certain Equal Employment Opportunity Commission Form 161 issued under a mailing date of October 26, 2010, and which Form 161 was received by Del Real on Thursday, October 28, 2010. A copy of the said Equal Employment Opportunity Commission Form 161 is attached hereto, made a part hereof, and is identified as Plaintiff's Exhibit 1. Therefore, Del Real has timely filed this action within ninety days of his aforesaid receipt of that EEOC Form 161. Furthermore, Del Real had timely initiated his Equal Employment Opportunity Commission proceedings by his filing of a certain "Charge of Discrimination" with the South Bend Human Rights Commission and with the Equal Employment Opportunity Commission, Indianapolis, Indiana Office, which was signed and filed by Del Real on March 8, 2010 (or approximately eighteen days after his February 18, 2010 announced termination of employment). A copy of that "Charge of Discrimination" of March 8, 2010 is attached hereto, made a part hereof, and is identified as Plaintiff's Exhibit 2. Following an investigation by the Equal Employment Opportunity Commission, the aforementioned Form 161 was issued under the aforesaid mailing date of October 26, 2010, with a "check-marked" specific determination which included this statement: "This does not certify that the respondent is in compliance with the statutes."

6. Pursuant to 28 U.S.C. § 1331, jurisdiction of this matter is appropriate in the United States District Court for the Northern District of Indiana, South Bend Division, as this action involves a question of the application of federal law.

7. The venue is appropriate in this said United States District Court for the Northern District of Indiana, South Bend Division, in that the named corporate defendant, BCI, has significant contacts within the said district and, additionally, the events which give rise to these causes of action also occurred in this district.

## FACTUAL STATEMENT OF THE CLAIMS

1. Del Real was first employed by BCI in October of 2000. For the purposes of this factual statement, all references to Del Real's said employer will be identified under the aforementioned "BCI" name. From and since the said October of 2000 beginning date of his employment, Del Real has been assigned by his BCI supervisors to a variety of employment positions. For approximately the nine and one-half (9½) years after the beginning of his BCI employment, Del Real provided satisfactory services to his said employer. In late 2007, Del Real first received appropriate leave from his said employer to recuperate from a work-related lower back injury, treated by physicians selected by BCI. Subsequent to his authorized return to his prior employment position, Del Real has been a "qualified individual with a disability" within the meaning of that term under the provisions of the ADA.

2. Thereafter, Del Real satisfactorily performed his required employment duties notwithstanding his aforementioned lower back disability condition, and for the approximate time period of the next two and one-half (2½) years after his work-related injury, his said medical disability condition was consistently accommodated by BCI.

3. On February 16, 2010, Del Real was purportedly "warned" by one of his BCI supervisors concerning his alleged inability to satisfactorily perform certain employment tasks, to-wit:

> "Production grinding rates for February 8-13 were 42% and
> that is not satisfactory. The standard is 80%."

The foregoing quoted language appears under the heading of a "Reason for the Warning" section of a certain "Written Warning" issued to Del Real under date of "2/16/10" by one of Del Real's supervisors, to-wit, Dale Smith. A copy of that same "Written Warning" from Dale Smith is attached hereto, made a part hereof, and is identified as Plaintiff's Exhibit 3. At the final section of this "Written Warning" document – under the heading of "Corrective Action Required" – certain words are initially emphasized to-wit:

> "Gabriel – This is your second active written warning
> which means **your job is on the line until 8/10/10**."

Therefore, it was the logical understanding of Del Real that he was on some form of probation for approximately the next 175 days (i.e., the 175 days between that warning date of "2/16/10" and the bold-font "**8/10/10**" date which was specifically emphasized by Dale Smith in the document which is made a part hereof as Plaintiff's Exhibit 3.

4. Notwithstanding that identified 175-day probationary period of time, on the date of February 18, 2010, another BCI supervisor – namely, Stan Hueni, the BCI Employee Relations Manager– issued a letter of announced termination to Del Real. A copy of that letter of announced termination is attached hereto, made a part hereof, and is identified as Plaintiff's Exhibit 4. A copy of the companion envelope, in which the said letter of termination was mailed, is attached hereto, made a part hereof, and is identified as Plaintiff's Exhibit 5. Consequently, less than two days into the said 175-day probationary period, Stan Hueni terminated Del Real's employment, after nearly a decade of service. The said letter of announced termination contains a materially false statement. More precisely, Stan Hueni falsely stated (in his letter of February 18, 2010):

> "You then had a safety violation when we became aware that
> you had hurt yourself while stand grinding and by your own
> admission did not tell anyone."

Del Real has consistently denied the truthfulness of that allegation by Stan Hueni . Del Real did not hurt himself while stand grinding, and he has never made any form of admission that he "did not tell anyone" – simply put, Del Real states that there was no self-inflicted injury while he was stand grinding, much less, any reason to "not tell anyone" about such a non-event.

5.  As a consequence of the foregoing acts, or about the date of February 18, 2010, BCI wrongfully terminated Del Real's employment, using the pretext of an unspecified "safety violation" and the further pretext of an alleged failure, on the part of Del Real, to "tell anyone" about the aforementioned non-event.

6.  Furthermore, Del Real's aforementioned work-related lower back injury, which commenced in late 2007, continued to impact his work through and including the date of his announced termination, i.e., through and including February 18, 2010. By that time, the lower back pain had spread to Del Real's shoulders and both arms. Therefore, the said wrongful termination action of February 18, 2010 was a direct violation of the "reasonable accommodation" provisions of the ADA.

7.  In addition to such direct violation of the "reasonable accommodation" provisions of the ADA, the actions of the aforementioned BCI's supervisors were in violation of the Civil Rights Act of 1964. More precisely, during the same time frame of such ADA violations, the aforementioned Stan Hueni – a Caucasian / White supervisor – discriminated against Del Real, because of Del Real's Hispanic national origin. More precisely, as stated by Del Real in his aforementioned "Charge of Discrimination" herein:

> "I believe that I was denied terms and conditions of employment afforded to White co-workers. I was held to higher work standards. I was given unwarranted disciplinary actions. I was subjected to workplace harassment, and I was denied a reasonable accommodation."

Instances of such discrimination are evidenced by the fact that the BCI-selected "translater" (more accurately, "translator") identified in the aforementioned February 18, 2010 letter of announced termination – Pedro Lopez – was then being trained for a managerial position and, consequently Pedro Lopez had a motivation for the flawed translation of conversations between Del Real and Stan Hueni.

8.  In summary, as also stated by Del Real in concluding his said "Charge of Discrimination" in these proceedings:

"I believe I have been discriminated against on the basis of
my disability, which is in violation of the Americans With
Disabilities Act, as amended; and National Origin, Hispanic,
which is in violation of the Title VII of the Civil Rights Act of
1964, as amended."

9.   As a consequence of the aforesaid acts of BCI, Del Real's termination
was wrongful in two respects, namely, as a violation of the Americans With Disabilities Act,
as amended, and also as a violation of Title VII of the Civil Rights Act of 1964, given the said
discriminatory treatment of Del Real upon the prohibited basis of his Hispanic national origin.

### DEMAND FOR JUDGMENT

WHEREFORE, the Plaintiff, Gabriel Del Real Torres, demands any and all relief as
may be provided under provisions of the Americans with Disabilities Act of 1990 and / or the
Civil Rights Act of 1964, including (but not being necessarily limited to) the specific remedy of
reinstatement, or in lieu thereof, the financial award of damages for his lost earnings ( "back
pay" as well as "front pay")  if liquidated damages are not awarded and, if such reinstatement
is not feasible, an award of prejudgment interest, an award of punitive damages, plus an award
of costs incurred (or to be incurred) by the Plaintiff in his prosecution of these claims, which
costs will also include his reasonably incurred attorney fees, his expert witness fees, and court
costs herein. Plaintiff hereby demands such judgment against the Defendant, Bremen Castings,
Inc., for all such relief, in an amount to be determined by a jury or the Court, and further prays
for all other proper relief in the premises.

Respectfully submitted this _24th_ day of January, 2011.

BURBRINK & CLEMONS, P.C.

Roy D. Burbrink          Attorney No. 2994-50
Attorney for Plaintiff, Gabriel Del Real Torres

-6-

JURY REQUEST

Plaintiff Gabriel Del Real Torres hereby requests that the trial of his claims herein, against Defendant Bremen Castings, Inc., be tried before a jury.

BURBRINK & CLEMONS, P.C.

Roy D. Burbrink          Attorney No. 2994-50
Attorney for Plaintiff, Gabriel Del Real Torres

BURBRINK & CLEMONS, P.C.
Roy D. Burbrink,   Attorney No. 2994-50
310 North Michigan Street, Suite 207
Post Office Box 671
Plymouth, Indiana 46563
Telephone:  (574) 935-3393

ATTORNEY FOR PLAINTIFF,
    GABRIEL DEL REAL TORRES